[Cite as *Wead v. Wade*, 2017-Ohio-2687.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

ART WEAD                                                :
                                                                  :       Appellate Case No. 27204
            Plaintiff-Appellant                      :
                                                                  :       Trial Court Case No. 15-CVG-978
v.                                                             :
                                                                  :       (Civil Appeal from Miamisburg
JOEL WADE, et al.                                    :        Municipal Court)
                                                                  :
            Defendants-Appellees                  :
                                                                  :

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of May, 2017.

. . . . . . . . . . .

ART WEAD, 940 East Pearl Street, Miamisburg, Ohio 45342
            Plaintiff-Appellant, *pro se*

JOEL WADE, 15 North Drive, Miamisburg, Ohio 45342
            Defendant-Appellee, *pro se*

. . . . . . . . . . . .

BROGAN, V.J.

{¶ 1} Art Wead appeals from the judgment of the Miamisburg Municipal Court in his favor and against the appellees, Joel and Edna Wade in the amount of $1,714.59.[1]

{¶ 2} On July 15, 2015, Wead filed a complaint in forcible entry and detainer seeking restitution of the premises for unpaid rent, and damages for unpaid rent, and damages to the premises.  On July 28, 2015, the trial court granted restitution of the premises to Wead, and the Wades vacated the premises on August 4, 2015.

{¶ 3} The trial court found that it was not disputed that on July 3, 2015 the parties entered into a lease agreement whereby the Wades would rent the house located on Red Deer Lane in Miamisburg, Ohio.  It is also not in dispute that the Wades agreed to pay Wead $300 every Saturday for a period of five weeks followed by a final payment on the sixth Saturday of $350 at which time the rent for the months of July and August would be paid in full, in addition to a security deposit of $650.00.  Thereafter the Wades agreed to pay Wead monthly rent of $650 with the first payment September 1, 2015.  The Wades paid $75.00 to the plaintiff on July 3, 2015 and moved into the premises that day.

{¶ 4} Trial was conducted on January 12, 2016 before a magistrate.  Wead testified that although the Wades were supposed to make a $650 deposit, they only made a $75.00 deposit.  Wead testified that although the Wades were supposed to pay him a monthly rent of $650, they paid nothing before they moved out on August 4, 2015.  (T.4.) Wead testified that before the Wades moved out they caused considerable damage to the interior of his rental property.  He testified that Mrs. Wade, who has a disability, damaged the interior of his property with her mechanized wheelchair.  The plaintiff

---

[1] Wead contends the judgment granted him is inadequate.

testified that the Wades' two dogs and two cats urinated on the house's carpet and he had to have a professional carpet cleaner clean the carpet. Wead presented photographs depicting the areas cleaned by the professional. He said the carpet cleaner found evidence of pet urine in the carpet. He also had to clean the sub floor with chlorine. (T.8.) Wead testified he paid Collins Carpet Care $125 for treating the sub-floor and it was suggested that Wead replace the carpet and padding. (Plaintiff's Ex. 2.) Wead submitted an estimate from Flooring Design Center for replacing the carpet and pad for $2,468.99. (Plaintiff's Ex. 7 and T. 9.) Wead testified that the patio door and frame were repeatedly damaged by Mrs. Wade's wheelchair and he received an estimate of $949.48 from Woodright to repair the damage. (Plaintiff's Ex. T.) There was evidence the patio door was the original door for the house that was built in 1977. (T. 12.)

{¶ 5} The plaintiff presented evidence that the Wades also did not pay the electric and water bills in the month of July 2015 and also damaged the garage door and dry wall in the home. The Wades denied their pets damaged the carpeting in the house.

{¶ 6} The magistrate who heard the testimony recommended that the trial court enter judgment for the plaintiff in the amount of $2,755.59. It is based on the following:

Plaintiff's Damages:

| | | |
|---|---|---|
| 1) | Rent for July | $650.00 |
| 2) | Change locks | 93.00 |
| 3) | Replace 3 doors and trim | 100.00 |
| 4) | Carpet cleaning | 125.00 |
| 5) | Replace tan carpet | 823.00 |
| 6) | Replace Screen in front door | 12.87 |

| | | |
|---|---|---|
| 7) | DP&L bill | 74.13 |
| 8) | Water and trash bill | 39.45 |
| 9) | Patio door, threshold, jambs | 500.00 |
| 10) | Wheel chair damage to drywall | 345.00 |
| 11) | Gallon of primer | 39.27 |
| 11) | Gallon of paint | 28.87 |
| | TOTAL DAMAGES: | $2,830.59 |
| | Defendants' Payment: | -75.00 |
| | **JUDGMENT TO PLAINTIFF:** | **$2,755.59** |

**{¶ 7}** The Wades objected to the magistrate's recommendation regarding the amount for carpet replacement, door locks, replacement of three doors and trim, replacement of screen in front door, and the amount of rent owed the plaintiff. The trial court sustained the defendant's objection in the following respects:

> This Court finds that the carpet was already in the home when the Plaintiff purchased the property shortly before he rented the premises to the Defendants. The Plaintiff did not provide any photographs as to the condition of the carpet before the Defendants moved in. Replacing the existing carpeting is a normal and expected expense when a person purchases a home. This Court finds that the receipt from Davis Locksmith (included in Plaintiff's Exhibit 3) is dated March 23, 2015, which predates the rental agreement between the Parties. The Magistrate's finding is hereby AMENDED as follows:

Plaintiff's Damages:

| | | |
|---|---|---|
| 1) | Rent for July | $650.00 |
| 2) | Replace 3 doors and trim | 100.00 |
| 3) | Replace screen in front door | 12.87 |
| 4) | DP&L bill | 74.13 |
| 5) | Water and trash bill | 39.45 |
| 6) | Patio door, threshold, jambs | 500.00 |
| 7) | Wheel chair damage to drywall | 345.00 |
| 8) | Gallon of Primer | 39.27 |
| 9) | Gallon of paint | 28.87 |
| | TOTAL DAMAGES: | $1,789.59 |
| | Defendants' Payments: | $   75.00 |
| | **JUDGMENT TO PLAINTIFF:** | $1,714.59 |

**{¶ 8}** Wead contends that he incurred $8,238.51. This includes, he claims, $6,577.42 in damages and repair costs, $1,405.09 in unpaid rent, security deposit and utilities, and $256 in court costs. Wead contends that while the final amount awarded to him by the trial court covers the rent, security deposit and utilities for July 2015 plus court costs, it provides no remuneration for the $6,500 in damages caused by the Wades.

**{¶ 9}** We agree with the appellant that the trial court improperly reduced the award for carpeting, including the cost of cleaning, made by the magistrate. Appellant testified the carpet was only two years old when the appellees rented the house and appellant testified the carpet was in good condition. While some people replace existing carpeting when they purchase a home, most people don't replace new carpeting. The trial court

adopted the magistrate's finding regarding the other items of household damage. The appellant did not file objections to those findings by the magistrate. Civ.R. 53(D)(3)(b)(iv) provides "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶ 10} We will treat the appellant's brief as an assignment that the trial court's judgment is against the manifest weight of the evidence. That assignment is Sustained as to the trial court's decision regarding the reduction in the damages to the carpet. The trial court sustained the appellee's objection to the $93 charge to change the locks because the charge preceded the rental to them.

{¶ 11} This matter is therefore Reversed in part, Affirmed in part and is Remanded to the trial court to enter a judgment in favor of appellant, Art Wead, in the amount of Two Thousand, Six Hundred Sixty-Two dollars and Fifty-Nine Cents ($2,662.59) and to assess trial court costs as determined by the trial court.

. . . . . . . . . . . . .

HALL, P.J. and WELBAUM, J., concur.

(Hon. James A. Brogan, Retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Art Wead
Joel Wade
Edna Wade
Hon. Robert W. Rettich, III